FILED

OCT 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARPAL SINGH; GURDEV KAUR; RAJWANT SINGH; AMANPRET KAUR, <br><br> Petitioners, <br><br> v. <br><br> ERIC HOLDER, JR., Attorney General, <br><br> Respondent. | No. 06-71703 <br><br> Agency Nos. A098-151-097 <br> A098-151-098 <br> A098-151-099 <br> A098-152-250 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 16, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and TODD, Senior District Judge.[**]

Harpal Singh and his family, natives and citizens of India, have petitioned

for review of a decision by the Board of Immigration Appeals ("BIA") denying

their application for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

An alien may be granted asylum "if the Secretary of Homeland Security or the Attorney General determines that such alien is a refugee within the meaning of [8 U.S.C.] section 1101(a)(42)(A)." 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who is unwilling to return to his country because "of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C § 1101(a)(42)(A).

If a petitioner for asylum or withholding of removal establishes past persecution on a protected ground, as in the present case, there is a presumption that the petitioner's life or freedom would be threatened upon his return to his home country. *See* 8 C.F.R. § 1208.16(b)(1)(i). This presumption can be rebutted if the government establishes by a preponderance of the evidence that there has been a fundamental change in circumstances in the home country such that the petitioner's life or freedom would not be threatened or that the petitioner could safely relocate to another part of the country. *See* 8 C.F.R. § 1208.16(b)(1)(i)-(ii). The panel reviews the BIA's factual determinations and its decision denying an

asylum application under the substantial evidence standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Singh contends that the BIA erred in finding that the presumption of future persecution against him was rebutted by changed country conditions. In order to find changed conditions, the BIA was required to identify specific improvements in India's conditions occurring after Singh's persecution and link those improvements to Singh and his ability to return. *See Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir. 2002). The BIA identified the following improvements: (1) people who were not high profile military suspects, such as Singh, were not at risk in Punjab; (2) from 1996 to 2004 the Akali Dal had successfully participated in elections, a Sikh had been sworn in as Prime Minister, and the President had attended a pro-Khalistan rally; and (3) human rights abuses in the Punjab discussed in the most recent State Department country reports described events that had occurred in the past. Given these significant changes, substantial evidence supports the BIA's finding that Singh did not have a reasonable fear of future persecution if he returned to India.

The application for withholding of removal also was properly denied, as the change in country circumstance was such that Singh's life or freedom would not be threatened on account of any protected ground. As for the CAT claim, because of

the changed conditions in India, the record does not compel the conclusion that it is more likely than not that Singh would be tortured if he is removed to India. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217-18 (9th Cir. 2005).

Substantial evidence supports the BIA's finding that Harpal Singh and his family are not eligible for asylum, withholding of removal to India, or protection under the regulations implementing the Convention Against Torture.

**PETITION DENIED.**